ANNA E. NIGHTINGALE, by her next Friend, *vs.* HORATIO R. NIGHTINGALE, Executor, *et als.*

A woman in 1851, in view of marriage, conveyed her estate to a trustee who was to hold and care for the trust property, pay the rents and income to her or her designated agent, make sales at her request, and convey the trust property to her if she survived her husband. In case of her death the trustee was to hold to the use of her testamentary appointees, and if she died intestate to the use of her heirs at law. The trust took effect and the marriage took place.

In 1880, her husband being alive, she, wishing to hold her estate freed from the trust, filed a bill in equity to terminate the trust and to have the trust estate conveyed to her:

*Held,* that a married woman was sufficiently protected by existing statutes, and that the complainant was entitled to the relief prayed for.

BILL IN EQUITY to terminate a trust.

November 24, 1851, the complainant, then Anna E. Pratt, contemplating a marriage with the respondent Horatio R. Nightingale, joined with him and one Henry A. Rogers in executing a tripartite indenture by which she transferred her property in trust to said Rogers. Rogers resigned the trust after holding it several years, and at the October Term, A. D. 1865, this court appointed as trustee Edwin J. Nightingale, who received from Rogers, October 16, 1865, a conveyance of all the trust estate. Edwin J. Nightingale died July 20, 1879, seised and possessed of the trust estates. He left a will by which, after certain legacies, he gave the residue of his property in trust to Horatio R. Nightingale and Crawford Nightingale, his brothers, and of which he made Horatio R. Nightingale executor.

Thereupon Anna E. Nightingale wishing to terminate the trust created by her by the tripartite indenture of November 24, 1851, brought by her next friend this bill in equity against her husband as executor, devisee, and legatee of Edwin J. Nightingale, against Crawford Nightingale, devisee and legatee of Edwin J. Nightingale, and against the heirs at law of Edwin J. Nightingale, praying that the trust might be determined, and that the respondents might be ordered to convey to her, free from the trust, the trust estates held for her by Edwin J. Nightingale at the time of his death. The bill also contained an alternative prayer for the appointment of a new trustee.

The trusts created by the tripartite indenture of November 24,

1851, between Anna E. Pratt of the first part, Henry A. Rogers of the second part, and Horatio R. Nightingale of the third part, are as follows :

The indenture, after premising the intended marriage, and describing the estates both realty and personalty, continues :

" To have and to hold the said granted premises, with all the privileges and appurtenances thereunto belonging or in any way appertaining, to him the said party of the second part, and to his heirs and assigns forever IN TRUST ; to and for the several uses, intents, and purposes upon the several trusts, and with, under, and subject to the powers, provisos, and agreements hereinafter declared, and expressed of and concerning the same, *that is to say :*

" *First.* To the use of the said Anna Elizabeth and her heirs until the said intended marriage shall be had and solemnized ; then to the sole private and independent use of the said Anna Elizabeth, for and during the term which she shall remain the wife of the said party of the third part ; and if the said Anna Elizabeth shall die before her said husband, then to the use of the person or persons to whom by her last will and testament she shall designate and devise or bequeath the same ; and if she should die without leaving any will or disposing of the same, then to her heirs at law.

" The rents, profits, income, and dividends of the estates, real and personal, hereby conveyed, to be during the coverture received and collected by the said party of the second part as trustee, when the same shall become due and payable, and be by him paid over to the said Anna Elizabeth, or to her written order ; and her receipt or written order shall at all times be a full and perfect discharge for the same, and such rents, profits, and income shall at all times during the coverture be for the separate use and enjoyment of the said Anna Elizabeth ; provided, however, that it shall be the duty of the said party of the second part, on the written request of the said party of the first part, to authorize and empower her, or any person or persons designated by her in said written request, to collect the said dividends and rents, and give suitable receipts and discharges therefor, and no responsibility or accountability shall attach to the said party of the second part for

any dividends or rents collected by any person or persons so appointed.

" *Second.* The said party of the second part shall have full authority to lease and rent out for one or more years any and all of the lots and real estates hereinbefore described, on such terms and for such length of time as he, with the written advice and approbation of the party of the first part, may think it expedient.

" *Third.* The said party of the second part as trustee shall at all times be fully authorized to join in making partition and division of any and all the estates hereby conveyed, with any person or persons interested in the same ; he shall pay all taxes and keep the estates in repair, and apply such portions of the income to the improvement thereof as may be found necessary.

" *Fourth.* The said party of the second part as trustee shall, on receiving the written application and request of the said party of the first part, be fully authorized and empowered to sell and convey any part or portion of the bank and other stocks hereinbefore described, or any part or portion of the real estate hereinbefore conveyed to him, and to execute and deliver good and perfect deeds thereof, and to reinvest the proceeds of such sale in other real estate or stocks for the use of the said party of the first part, or in repairs and permanent improvements on any other parts of the trust estates, but no such sale or transfer of stocks or real estate shall be made without such written application and request.

" *Fifth.* The said Anna Elizabeth, the party of the first part, hereby expressly reserves to herself the power and right of making her will at any time during the coverture according to the provisions of the existing laws of this State, and thereby disposing of her estates as she thinks proper.

" *Sixth.* At the decease of the said party of the third part, the said Anna Elizabeth being then alive, all the estate and property conveyed by this indenture which may then remain shall be conveyed to her by the said trustee as her own estate, and this indenture thereupon shall cease and become void.

" *Seventh.* And the said party of the third part hereby promises and agrees that he will sign and execute any writing or deed which may be required on his part, in relation to the property and estate hereby conveyed in . trust, in order that the said indenture may be carried into full execution.

" *Eighth.* The said party of the second part hereby on his part accepts the trusts before enumerated, and promises and agrees to execute the same, reserving to himself the liberty of resigning the trust in case his health should fail him, or he should find it impracticable from other causes to perform the duty.

" *Ninth.* It is fully understood and agreed that the household furniture and plate shall remain in the possession of the party of the first part, and no responsibility shall attach to the party of the second part therefor.

"In witness whereof," &c.

The respondents admitted the charges of the bill, and without appearing by counsel submitted to any decree the court should make. The cause was heard on bill and answer.

*July* 10, 1880. POTTER, J. This trust was created November 24, 1851, in contemplation of marriage by Anna E. Pratt, with the consent of her intended husband. The trust does not in any way break the course of descent of the property. It is to go to her appointees by will, and if no will, to those who would be her heirs by law. The trustee is on her request to permit her to receive rents, make repairs, and he is to sell and reinvest on her request, and if she survives her husband, to convey the property to her. The trust was created in consequence of a promise made by her to her father, before his decease.

Since said promise was made, to carry out which the deed was executed, the law regarding the law of property of married women has been so far changed that a married woman can at any time have a trustee appointed to manage and hold her property, she can receive the rents of it herself, and can thus have as full control of it as she could under this trust, except that she cannot sell certain sorts of property without her husband joining in the conveyance.

We see no good reason why a decree should not be made for a reconveyance, discharged of the trust.

As the deceased trustee by his will devised the rest and residue of his property in trust, it is very evident that the legal estate in the trust property in question would not pass by his will, and therefore the decree must be for a conveyance of the real estate by the heirs, and of the personal estate by the executor. Hill on Trustees, *283, *287, *303.

*Decree entered July* 10, 1880.   " *This cause came on to be heard before the full court, upon the bill and answer, and was presented by counsel, and thereupon upon consideration thereof it was ordered, adjudged and decreed as follows, viz. :*

" *That said complainant, Anna E. Nightingale, is entitled to the conveyance, in fee simple, to her own absolute use, of all the estate, real and personal, held by the said Edwin J. Nightingale, at the time of his decease, as trustee under the trusts in her said bill of complaint set out as in her said bill prayed.*

" *And that the title of the real estate so held under said trusts upon the decease of the said Edwin J. Nightingale did not pass or vest under his will, but passed to and vested in the said defendants in said bill named as his heirs at law.*

" *And it was further ordered and decreed that said defendant, Horatio R. Nightingale, as executor of said will, and he and said other defendants as the heirs at law of the said Edwin J. Nightingale, by separate deed or deeds or other proper conveyances, forthwith convey and deliver to the said complainant in fee simple, to her own absolute use accordingly, all the said estate, real and personal, so held in trust by the said Edwin J. Nightingale at the time of his decease.   Such conveyance or conveyances to be made through the intervention of some third person or persons, and in such form as to pass to and vest in the said complainant the legal title thereof as said complainant may be reasonably advised to be proper to that end, with liberty to either party to apply.*"

*James Tillinghast,* for complainant.

NOTE. — The CHIEF JUSTICE did not sit in the above case.